THE CITY OF CHICAGO, Defendant in Error, *vs.* WILLIAM COLEMAN, Plaintiff in Error.

*Opinion filed April 18, 1912—Rehearing denied June 6, 1912.*

1. CONSTITUTIONAL LAW—*provision of the Municipal Court act concerning abbreviated forms is not invalid.* The provision of the Municipal Court act authorizing the chief justice of that court to prescribe abbreviated forms of entries of orders is not invalid.

2. SAME—*power to make rules for conducting the business of a court is not legislative.* The provision of the Municipal Court act authorizing the chief justice to prescribe abbreviated forms of entries of orders is not invalid as being a delegation of legislative power to the chief justice, as the power to make rules for conducting the business of a court is not legislative but judicial.

3. SAME—*requiring party to work out fine for violating ordinance. is not against Federal constitution.* The provision of the thirteenth amendment of the Federal constitution prohibiting slavery or involuntary servitude except as a punishment for crime, uses the word "crime" in its most comprehensive sense, and has no application to a judgment requiring a person to labor in a house of correction in payment of a fine for violating an ordinance.

4. JUDGMENTS AND DECREES—*provision of the Municipal Court act concerning abbreviated forms applies to entries of judgments.* The provision of the Municipal Court act authorizing the chief justice of that court to prescribe abbreviated forms of entries of orders includes all orders, whether interlocutory or final, and applies to entries of final judgments.

5. SAME—*when a judgment sentencing defendant to house of correction is not invalid for uncertainty.* A judgment of the municipal court finding the defendant guilty of violating an ordinance and providing that he shall "stand committed to the house of correction" until his fine and costs are paid is not invalid because it does not specify what house of correction is meant, as the municipal court could not sentence him to any house of correction other than that of the city of Chicago; nor need the judgment specify whether the defendant shall work out his fine inside or outside of the house of correction.

6. SAME—*judgment must limit period of imprisonment in the house of correction to maximum term.* A judgment sentencing a defendant to the house of correction to work out a fine for violating an ordinance must limit the term of such imprisonment so that it will not exceed the maximum of six months provided by the statute, and the omission of such element in an abbreviated

form of an entry of judgment cannot be supplied by entering an amplified form.

7. SAME—*when a reversal of judgment does not require a new trial.* Where there is no assignment of error questioning the proceeding against the plaintiff in error for violating an ordinance up to the entry of the final judgment nor raising any question as to his guilt, a reversal of the judgment for its failure to limit the term of imprisonment does not require that a new trial shall be awarded, but the cause will be remanded with leave to the city to move for a proper judgment on the finding.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding.

THOMAS LINDSKOG, for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, and JAMES S. MCINERNEY, City Prosecutor, (EDWIN J. RABER, and J. KENT GREENE, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 22, 1911, the municipal court of Chicago, on complaint of John Warnecke, issued its warrant for the arrest of plaintiff in error for carrying a concealed weapon, in violation of an ordinance of the city. The warrant was returned on the same day, executed, and the further record of the proceeding is as follows: "Defendant waives jury trial. Trial by court, finding the defendant guilty violation ordinance described in complaint and fined one hundred dollars ($100.) Judgment on finding versus defendant, one hundred dollars, ($100,) and costs taxed at $9, for violation city ordinance described in complaint, section 2807, stand committed to house of correction until fine and costs worked out, at fifty cents per day." On January 10, 1912, the plaintiff in error presented his written motion to the court to be discharged from custody in the house of correction, alleging that no judgment had been entered of rec-

ord in the case; that the alleged judgment was illegal and in violation of the constitution, and that his detention in the house of correction and being forced to labor were contrary to the thirteenth amendment of the constitution of the United States. The motion was overruled. The record has been brought to this court by writ of error.

It is first contended that the judgment is not sufficient to warrant holding the plaintiff in error in custody because it does not contain the essential elements of a judgment against him and does not show what house of correction is meant,—whether that of the city of Chicago or some other city,—nor whether the fine is to be worked out inside or outside of the house. Counsel relies upon the decision in *Metzger* v. *Morley,* 184 Ill. 81, where the clerk made a mere memorandum upon the record, "And judgment on the verdict for $1521.09," which was evidently intended as a guide for writing the judgment but did not state in whose favor or against whom the judgment was rendered. As the court could only sentence the plaintiff in error to the house of correction of the city of Chicago no other house of correction could have been understood or intended, and it was not for the court to determine whether the work should be inside or outside of the house. The record contains all the elements of a judgment of conviction for violation of an ordinance, and it is not in conflict with the constitution on account of its abbreviated form. The General Assembly, in establishing a municipal court in the city of Chicago as successor to the justices of the peace therein, whose records had always been kept in any abbreviated form which was intelligible, authorized the chief justice to prescribe abbreviated forms of entries of orders by the court. The form in this case is the one prescribed by the chief justice for the prosecution of violations of ordinances, and in *Stein* v. *Meyers,* 253 Ill. 199, we held the statutory provision valid. This judgment does not require for its interpretation or translation into the English language the

services of anyone skilled in a particular art, profession or trade, but it is in plain English words and complies with the mandate of the constitution.

It is urged, however, that, conceding the statutory provision to be valid, it only authorizes the entry of orders in abbreviated form and is not intended to apply to judgments. It is true that those orders of courts which are made during the pendency of the suit are usually called orders while the order which takes the form of the final judgment is termed a judgment, and there are cases where the distinction is material. (*People* v. *Cook Circuit Court*, 169 Ill. 201.) But the word was used in the act establishing the municipal court as including all orders, whether interlocutory or final. This is plainly shown by the provision for inflating the record with verbiage if a certified transcript of the record, or any portion thereof, is desired. It is also said that the chief justice could not prescribe an abbreviated form because that is an exercise of legislative power, which could not be delegated to him by the General Assembly. The power to make rules for the conduct of the business of a court is not legislative but is judicial in its nature.

The next argument is, that the alleged judgment requiring the plaintiff in error to labor imposes upon him involuntary servitude, contrary to the thirteenth amendment of the constitution of the United States, which provides: "Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Our Criminal Code defines a criminal offense in such a way that it does not include a violation of municipal regulations or ordinances, but no provision of our constitution is relied upon as prohibiting a judgment requiring a person convicted of such a violation to work out his fine, and the statute expressly authorizes it. As a matter of history, it is well known that the amendment was adopted with the object of prohibiting slavery

in the States, and not to prohibit such forms of service as had always been treated as lawful and proper everywhere. (*Robertson* v. *Baldwin*, 165 U. S. 283.) The word "crime" was used in its most comprehensive sense, as prohibiting such involuntary servitude as is not inflicted as a punishment for an offense against the law, but it never was intended to apply, and does not apply, to such involuntary service as may be required by a parent of a child who has not reached his majority, nor to the State in assuming parental care of minors in industrial or reform schools, or where the labor is a part of the discipline of the institution. No one would say that the indigent or defective who are under the care of the State and supported by it in public institutions, who have not been convicted of any crime, may not be required to perform such labor as they are able to do, without violating the constitutional provision. It has never been regarded as having any application to judgments requiring persons to labor in a house of correction in payment of a fine. *People* v. *Hanrahan*, 75 Mich. 619.

There is an objection to the judgment which must be sustained. The statute provides that the imprisonment shall not exceed six months for each offense, and the judgment must so provide. This judgment is lacking in that necessary provision, and under it plaintiff in error might be imprisoned for a longer term than six months. He would be detained at least two hundred working days, which would exceed that period, and no expansion of the judgment by what is called an amplified form could remedy the defect by adding a new provision.

There is no assignment of error questioning the proceeding up to the entry of the final judgment nor raising any question as to the guilt of the defendant, and it is therefore unnecessary to award a new trial, but in accordance with the decisions in *Martin* v. *Barnhardt*, 39 Ill. 9, *Harris* v. *People*, 130 id. 457, *Meyer* v. *Village of Teutopolis*, 131 id. 552, *Wallace* v. *People*, 159 id. 446, and *Hen-*

*derson* v. *People,* 165 id. 607, the judgment will be reversed and the cause remanded to the municipal court, with leave to the city to move in that court for a proper judgment upon the finding which shall limit the term of imprisonment to six months, and with directions to the court to enter such a judgment.

*Reversed and remanded, with directions.*