(No. 13288.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE HAAS, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. CRIMINAL LAW—*when verdict will not be set aside as against weight of evidence.* Where the evidence is conflicting, depending upon the credibility of opposing witnesses, a verdict of guilty will not be set aside as against the weight of the evidence unless it is so palpably conflicting as to indicate that the verdict was based upon passion or prejudice.

2. SAME—*the defendant's character is presumed to be good until contrary is proved—impeachment.* The character of one accused of crime is presumed to be good until the contrary is proved, and no evidence to impeach his character is admissible unless he has opened the door for such evidence by introducing proof of good character.

3. SAME—*when character of accused is important.* In the trial of a criminal charge, where the character of the act depends largely upon the intention which prompted it, the character of the accused becomes important in determining guilt.

4. SAME—*counsel for People cannot comment on failure of accused to prove good character.* It is improper for counsel for the People in a criminal case to comment, in his argument to the jury, upon the failure of the accused to offer proof of good character.

5. SAME—*what remark by trial judge during preliminary examination of the witness is prejudicial error.* On a trial for taking indecent liberties with a child, a remark by the trial judge, upon examination of the complaining witness (a child of six years) as to her competency to testify, that he was of opinion that she would come as "near to telling the truth as some other parties," is prejudicial error.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

LEROY HACKETT, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES W. HADLEY, State's Attorney, and GEORGE C. DIXON, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was charged with the crime of taking indecent liberties with a child, under section 1 of an act entitled "An act to define and punish crimes against children," approved May 17, 1907. The jury found him guilty and found his age to be fifty-four years.

Plaintiff in error contends that the evidence does not establish his guilt beyond a reasonable doubt, and also assigns as error statements of the State's attorney in his closing argument and comments of the trial judge.

The complaining witness, Leona Ramsdell, a female child of the age of six years, testified that on the morning of March 14, 1919, she went to the home of the plaintiff in error, who lived next door to her home; that while there he came home from his work; that after he had had his breakfast his wife went to call on one of the neighbors, leaving him and the witness alone in the house; that they were playing cards and dice; that he took her on his lap and put his hand on to her privates and exposed his privates and placed them against those of the witness. Harriet Ramsdell, the mother of the complaining witness, testified that upon the child returning home an examination showed her privates to be swollen and inflamed; that she immediately thereafter went to the home of the plaintiff in error and endeavored to see him; that she talked to Mrs. Haas, his wife, and later that morning to him, and accused him of taking indecent liberties with Leona; that he denied having done so. Plaintiff in error in his testimony denied any improper conduct toward the child, stating that he had buttoned her drawers for her, which were unbuttoned, but that he did not touch her in any way.

The question of the guilt of the defendant was a question for the jury. Where evidence is conflicting, depending upon the credibility of opposing witnesses, the verdict will not be set aside as against the weight of the evidence unless it is so palpably conflicting as to indicate that the verdict

was based upon passion or prejudice. *People* v. *Karpovich,* 288 Ill. 268, and cases cited.

Plaintiff in error contends that the State's attorney in his closing argument committed prejudicial error by commenting on the fact that plaintiff in error had not submitted testimony of previous good character, it being contended that the presumption of previous good character obtains, and it was error on the part of the State's attorney to comment on the fact that there was no evidence offered on that point by the defendant. This question has not been passed upon in this State nor are the cases in harmony in other States. In *Lake* v. *Commonwealth,* 31 Ky. L. 1232, it was held that while the law forbids comment by opposing counsel upon the failure of the defendant in a criminal case to testify in his own behalf, nevertheless such rule does not include the right of counsel to comment upon the failure of the defendant to introduce other witnesses in his behalf as to any matters relating to his defense, and that it was not error for counsel for the commonwealth to comment on the fact that no witnesses had offered to prove previous good character on the part of the defendant, it there being held that while defendant "had the right to rely upon the presumption of good character provided by law, such presumption may be overthrown by means other than the introduction of witnesses to impeach his character." This was likewise held to be the rule in *State* v. *McAllister,* 24 Me. 144. In *State* v. *Hawkins,* 27 Wash. 375, such remarks were held to be error, but under the circumstances of that case they did not constitute such an error as would work a reversal.

It is well settled in this State that a defendant's character is presumed to be good until the contrary is proven, and that no evidence to impeach character is admissible against the accused until he has opened the door for such evidence by adducing proof of good character. In the trial of a criminal charge, where the character of the act depends

largely upon the intention which prompted it, the character of the accused becomes important in determining guilt. There is no duty on the part of the defendant to offer proof of good character. He may do so, but until he does the State has no right to offer proof on that subject. The plain meaning of this rule is that the reputation of the defendant as a law-abiding citizen cannot be attacked until he opens the door by offering proof of good character. It follows that the State's attorney has no right to call to the attention of the jury the defendant's failure to offer such proof, or to argue that the lack of such proof tends, under the facts of the case, to overcome the presumption of good character.

It is also objected that the trial judge, during the examination of the complaining witness as to her competency to testify, stated in the presence of the jury: "Of course, she is a child; I realize that; but I have a notion that she will come pretty near to telling the truth as some other parties." This was error. While the meaning intended to be conveyed may have been that the witness was competent to testify, yet the ordinary meaning to be attributed to such language is that the judge who tried the case considered her a truthful witness. The question to be decided by the trial judge was whether or not the witness was competent to testify, but the law does not give him the right to express an opinion as to whether or not such witness would testify truthfully. The effect on the minds of the jury could have been none other than that the judge considered the witness to be not only a competent witness but a truthful one. This was an invasion of the province of the jury and constituted prejudicial error.

For these errors the judgment of the circuit court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*