(No. 15089.—Judgment affirmed.)

THE CITY OF CHICAGO, Defendant in Error, *vs.* MARY
KUNOWSKI, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. MUNICIPAL CORPORATIONS—*a municipal corporation may impose a fine, penalty or imprisonment for violation of ordinance.* A reasonable ordinance legally enacted prohibiting certain acts under fines, penalties or imprisonment is, within the municipality enacting it, entitled to as much respect and obedience as any law enacted by a State or Federal law-making body, and a person violating such an ordinance commits an offense *quasi* criminal in character, for which he may, under express authority of the statutes of the State, be fined or imprisoned.

2. CONSTITUTIONAL LAW—*ordinance providing working out of fine does not violate thirteenth amendment to Federal constitution.* The thirteenth amendment to the Federal constitution, prohibiting slavery or involuntary servitude except as a punishment for crime, uses the word "crime" in its most comprehensive sense, and such amendment has no application to a judgment requiring a person to labor, when sentenced to a house of correction, for non-payment of a fine imposed for the violation of a city ordinance.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

CLELAND, LEE & PHELPS, for plaintiff in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Mary Kunowski was arrested under a warrant issued on a complaint filed in the municipal court of Chicago charging her with disorderly conduct, in violation of a municipal ordinance of that city. Trial by jury was waived, the cause heard by the court, and she was fined $25. The fine not being paid, she was sentenced to the house of correction at labor till the fine and costs were worked out at fifty cents per day, or until it was paid or she was discharged according to law, provided the imprisonment should not exceed six months. The authority to commit a person convicted

and fined for violation of an ordinance to imprisonment at labor in the house of correction is conferred by section 1497 of the ordinances of the city. The authority of the city to pass such an ordinance was conferred by act of the legislature in 1879. (Hurd's Stat. 1921, chap. 24, par. 299.) Mary Kunowski has sued out of this court a writ of error on the ground that a constitutional question is involved.

Defendant in error has filed no brief in the case.

It is contended by plaintiff in error that proceedings by cities for the violation of city ordinances are civil proceedings, are not criminal in any sense, and that the provisions of the statute of 1879 authorizing the passage of an ordinance by which any person convicted of the violation of a city ordinance may, in default of payment of the fine and costs, be imprisoned or confined "at labor" is contrary to the thirteenth amendment to the constitution of the United States, and therefore such portion of the statute and ordinance as authorizes confinement "at labor" is unconstitutional.

The character of a proceeding for the violation of a municipal ordinance, as to whether civil or criminal, is held in most States to depend chiefly upon the constitutional and statutory provisions of the respective commonwealths, hence we find decisions in some States holding a violation of a city ordinance to be a criminal offense, while in other jurisdictions the proceeding is of a civil nature. It has been said by some courts that the purpose of such a proceeding is the punishment of the violator, and that the action is criminal in substance and purpose and partly civil and partly criminal in the practice governing it. Such actions have been referred to by this court as civil in form and *quasi* criminal in character. *Baldwin* v. *City of Chicago,* 68 Ill. 418.

Plaintiff in error contends that under the thirteenth amendment to the constitution of the United States any imprisonment at labor is infamous and constitutes involuntary

servitude within the meaning of said amendment, by which all slavery and involuntary servitude, except for crime, was abolished. Counsel do not question the right of the State to authorize imprisonment for the violation of an ordinance, but do contend that a person imprisoned for such a violation cannot be required "to labor." Their contention is based chiefly upon the decisions of the Supreme Court of the United States in *Ex parte Wilson,* 114 U. S. 417, and *United States* v. *Moreland,* 42 Sup. Ct. 368. It is true the court said in the *Wilson case, supra:* "Imprisonment at hard labor, compulsory and unpaid, is in the strongest sense of the word 'involuntary servitude for crime,' spoken of in the Ordinance of 1787, and of the thirteenth amendment to the constitution, by which all other slavery was abolished." This same language was used and approved in the last case cited, and counsel say the cases hold that if imprisonment was in any other place than in a penitentiary and was to be at labor, the necessity of labor gave the imprisonment character, made it infamous and brought it within the prohibition of the constitution. We do not think these cases applicable to the case here being considered, nor do they change the law of the land as laid down by the Supreme Court of the United States in former decisions. It must be borne in mind that the adoption of the thirteenth amendment to the constitution of the United States was an outcome of the civil war. It was intended primarily to abolish slavery as it had for many years been known in some parts of this country, and was also intended by the addition of the words "involuntary servitude" to prevent Mexican peonage and the Chinese coolie trade, lest their operations might develop into conditions of actual slavery. (*Clyatt* v. *United States,* 197 U. S. 207; *Plessy* v. *Ferguson,* 163 id. 538.) The amendment was not intended to introduce any new or novel doctrine with respect to services, which had from time immemorial been treated as exceptional. *Robertson* v. *Baldwin,* 165 U. S. 275.

Under the laws of this State, cities and villages have been granted the right to enact ordinances for the enforcement of good order within their boundaries and for numerous other purposes affecting the welfare of their inhabitants. To enforce a compliance with such ordinances, power has been given municipalities to fine or imprison any violators thereof. An ordinance legally enacted prohibiting certain acts under fines, penalties or imprisonment is within such municipality enacting it as much entitled to respect and obedience, and is as much the law of the land for that community, as any other law enacted by any State or Federal law-making body. A person violating such an ordinance commits an offense *quasi* criminal in character, for which he may, under express authority of the statutes of this State, be fined or imprisoned.

This court has previously given expression to its view on the main point raised in this case in at least two instances, both of which were cases arising in the municipal court of Chicago for violation of a municipal ordinance. The court held that the thirteenth amendment to the constitution of the United States, prohibiting slavery or involuntary servitude except as a punishment for crime, uses the word "crime" in its most comprehensive sense, and such amendment has no application to a judgment requiring a person to labor, when sentenced to a house of correction, for nonpayment of a fine imposed for the violation of a city ordinance. (*City of Chicago* v. *Coleman*, 254 Ill. 338; *City of Chicago* v. *Williams*, 254 id. 360.) We think those decisions are still applicable, and they dispose of the case at bar contrary to the contention of plaintiff in error.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*