THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM GILMORE, Plaintiff in Error.

*Opinion filed February 18, 1926.*

1. CRIMINAL LAW—*assault is not an element of crime of taking indecent liberties.* The crime of assault with intent to commit rape or intent to have carnal knowledge is not an element of the crime of taking indecent liberties; and it is not necessarily characteristic of the latter offense that it be committed in an out-of-the-way place.

2. SAME—*intent is manifested by circumstances of the offense.* Every person of sound mind is presumed to intend the natural and probable consequences of his voluntary act, and the intent is manifested by the circumstances connected with the perpetration of the offense and the sound mind and discretion of the person accused.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. GEORGE C. HILLYER, Judge, presiding.

GRIER, SAFFORD & SOULÉ, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HENRY D. LEWIS, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

William Gilmore, plaintiff in error, was indicted at the May, 1925, term of the circuit court of Warren county, and at the September term thereof was tried, found guilty and sentenced on the indictment, consisting of three counts, charging him with having taken immoral, improper and indecent liberties with Lucile Zimmerman, a female child under the age of fifteen years, and the case is now before this court on a writ of error.

The first count of the indictment alleged that Gilmore is a male person of the age of seventeen years and upwards, and that the child was under the age of fifteen years and of the age of eleven years, and that the liberties were taken

by plaintiff in error with the intent of arousing, appealing to and gratifying his lust, passions and sexual desires. Excepting the averment that the child was of the age of eleven years the second count is the same as the first, and the third count the same as the first with the exception that it alleged the liberties were taken with the intent of arousing, appealing to and gratifying the lust, passions and sexual desires of Lucile Zimmerman.

Five witnesses testified at the trial, four being called on behalf of the People. The only witness offered in behalf of the defendant was the defendant himself, and the only question before this court is whether the evidence is sufficient to sustain a conviction of the offense charged in the indictment.

The offense is alleged to have taken place in a Ford sedan on March 25, 1925, on South Main street, in the city of Monmouth. Only two witnesses (the complaining witness, a child eleven years of age, and her cousin, LeRoy Numbers,) testified to what occurred in the car, and two other witnesses for the State testified to the ages of the complaining witness and the defendant. According to the evidence, the car in question was parked in the business section of the city, and the acts complained of are alleged to have taken place before eight o'clock in the evening. The complaining witness testified that she went down-town in the car with relatives; that she and LeRoy stayed in the car a while and she then went to a store to get some string; that people were constantly passing up and down the street and that the car in question was part of a string of cars parked along the street; that the street lights were lighted; that her mother's car was parked about six cars from the car she was in; that when she returned to the car a man was standing in front of it whom she at the time did not know but whose name she afterwards learned was Gilmore; that when she saw the man standing there she got in the sedan and that LeRoy was then asleep in the car; that she awak-

ened him when the defendant approached and opened the car door and sat down on the bottom of the car; that the defendant, after sitting there for awhile, talking, started pinching her legs and tickling her; that he sent LeRoy to a store to get candy, and that during his absence he continued tickling and pinching her; that while LeRoy was gone a second time, after pop bought by money furnished by the defendant, he put his hand under her dress to her hips; that he asked the complaining witness her name; that he told her his name was Gilbert; that he was in and about the car for two hours.

The defendant testified he is a married man and has two children, aged eleven and nineteen, the younger being a girl. He admitted being about the car in question but denied putting his hands upon the body of the complaining witness with the intent to arouse either his or her passions, but upon cross-examination testified he "didn't think" he tickled her legs; that he "didn't think" he ran his hands through her hair, and "didn't remember" putting his hand under her dress and over her bloomers, and testified that if he did these things it was done accidentally. He did not deny that he had given her an assumed name.

While, as claimed by the defendant, crimes of this sort are generally committed in out-of-the-way places,—in shops, houses, offices, locked rooms, rear of houses, in vacant lots and in similar places,—it is to be remembered that neither assault with intent to commit rape or intent to have carnal knowledge are elements of this crime, and the acts constituting this crime may undoubtedly be committed in the seclusion of a sedan, with a child of tender years offering no resistance, and the jury, after having the opportunity of seeing and hearing the witnesses, reached this conclusion. Intention is manifested by the circumstances connected with the perpetration of the offense and the sound mind and discretion of the person accused. (Smith's Stat. 1925, chap. 38, par. 589.) There is no claim that the defendant was in-

sane, and it is a well settled rule of law that every person of sound mind is presumed to intend the natural and probable consequences of his voluntary act. (*People* v. *Crenshaw,* 298 Ill. 412.) When all the evidence in this case is considered together, there is no rational hypothesis upon which all of the circumstances in the case can be explained consistently with the defendant's innocence. With but the single question—that of the sufficiency of the evidence—before the court, it is only necessary for us to determine whether or not the verdict is so palpably against the weight of the evidence as to indicate that it was based upon passion and prejudice, and, considering the evasive and uncertain answers of the defendant, we feel that the verdict of the jury should not be set aside.

There being no reversible error in the record, the judgment of conviction will be affirmed.        *Judgment affirmed.*