(No. 28505.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE JOHN CATRANIS, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 13, 1946.*

GEORGE M. TEARNEY, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county on a charge of taking indecent liberties with a female child nine years of age. No complaint is made as to the sufficiency of the indictment, admission of evidence or errors in instructions. The only question raised is as to the sufficiency of the evidence.

The prosecutrix testified that she had visited the floral shop where plaintiff in error worked, with her mother, on several occasions; that on other occasions prior to March 10, 1943, she had gone to the shop and asked plaintiff in error for some money to go to a moving-picture show and he had given her eleven cents; that on the Wednesday before the date of the crime alleged in the indictment, she had again gotten eleven cents from him and was told to come back on Friday; that she went to the floral shop about 3:30 P.M. on Friday and was told by plaintiff in error to go into the back room, take off her bloomers and get onto a table. She then detailed what took place, which

was, in effect, that he had attempted to have illicit relations with her and that he then gave her eleven cents and she went to a show. That evening about 8:30 she saw her mother who had just come home from work, and told her what had happened. She testified also that she had been examined by a lady and a doctor.

Prosecutrix's mother testified she was employed until 8 P.M. every day; that about 8:30 on March 10 she had a conversation with her daughter in which she learned what had happened; that she examined her bloomers and found evidence of vaseline on them. The next morning she took her to the detention home and to a doctor.

Witnesses testified to finding a bottle of vaseline in the store where plaintiff in error was employed, the presence of which he explained by stating that he used it frequently on his hands because of frequently having his hands in water. A woman doctor testified she examined the prosecutrix and found some irritation but no tears, and that she could not say when the irritation was caused. One Herman Block, a deliveryman, testified to the presence of prosecutrix in the store on the afternoon of March 10 when he left there to deliver a plant, and that she was not there when he returned, something over an hour later.

Plaintiff in error denied the testimony of the prosecuting witness; stated that he had frequently given money to children but had never at any time caressed or touched prosecuting witness. Plaintiff in error argues that since prosecutrix did not complain or tell her mother of the occurrence until five and one-half hours after it was alleged to have happened, her complaint was not a spontaneous expression of intense feeling and was not therefore corroborative of her testimony as to plaintiff in error's guilt. He relies upon *People* v. *Hamilton*, 268 Ill. 390, and *People* v. *Nemes*, 347 Ill. 268. These cases on their facts are to be distinguished from the case before us. Moreover, in

this case the evidence shows that the mother was away from home until after eight o'clock in the evening and the opportunity to talk to her before that was not afforded the prosecuting witness.

The rule as laid down in the cases cited by plaintiff in error is to the effect that where the injured person testifies to the commission of the crime of rape, evidence of her complaint soon after the injury occurred, or at first opportunity, is competent, not to prove the commission of the act but to corroborate the testimony of the witness. It is an exception to the hearsay evidence rule.

The rule also is that the accused may be convicted of taking indecent liberties with a child upon the testimony of the prosecutrix where there is other evidence of a witness, whose testimony the accused does not deny, tending to incriminate him. (*People* v. *Boetcher,* 298 Ill. 580.) Plaintiff in error did not deny the witness Block's testimony that the prosecuting witness remained in the flower shop after he, Block, had left to make a delivery. He admits giving her eleven cents after Block left.

We have examined the record in this case. The evidence is conflicting and there was put upon the jury the duty to decide the credibility of the witnesses and the weight to be given to their testimony. This court is not justified in setting aside a verdict of guilty unless the testimony is so palpably conflicting as to indicate that the verdict was the result of passion or prejudice or that the defendant had not been proved guilty beyond a reasonable doubt. (*People* v. *Johnson,* 298 Ill. 52; *People* v. *Haas,* 293 Ill. 274.) Plaintiff in error had a fair trial. The evidence is sufficient to support the verdict of the jury and the judgment is affirmed.

*Judgment affirmed.*