(No. 30680.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY REJNO, Plaintiff in Error.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

FERLIC & GANNON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, MELVIN S. REMBE, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Upon trial by a judge of the criminal court of Cook County, without a jury, defendant was found guilty of attempting to take indecent liberties with a female child eight years of age. He was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more then twenty years. He has sued out this writ of error, urging as grounds for reversal an insufficiency of evidence and the admission of incompetent and prejudicial evidence.

The prosecuting witness testified that on March 19, 1947, she observed defendant near the girls' lavatory at

school, and that later she saw him near her home, where he offered her a dollar to go to the store for him. She followed him until they came near a shed, where he took hold of her arm, dragged her in and closed the door. He then opened his trousers, exposed himself, and made an indecent request of her, a description of which is unnecessary to relate. Thereafter she observed her father coming, and told defendant of it, whereupon he put his hand over her mouth and she screamed. Defendant then ran out of the shed, and when she came out she saw her father and defendant fighting.

The father testified that he saw his daughter and defendant going through a gangway at 2:45 o'clock in the afternoon of March 19, and that he followed. When he got through the gangway he saw no one, but later observed a window in the garage through which he saw his daughter with defendant's hand over her mouth. He then heard her scream, and tried to get through the door, which was locked. Defendant opened the door, engaged in a fight with the father, and then started running. The father pursued him for several blocks and caught him, at which time he observed that defendant's trousers were open.

A woman residing in an apartment building situated on the same premises on which the shed is located testified that on the day in question at 2:30 or 3:00 o'clock that afternoon she observed defendant pull the prosecuting witness into the shed and close the door, and that she later saw the father engaged in a fight with defendant.

Defendant was the sole witness for the defense. He testified to having had several drinks of intoxicating liquor prior to seeing prosecuting witness. He denied pulling her into the shed, denied exposing himself to her, and denied that he made the request of her to which she had testified.

Defendant invokes the rule that where a conviction for taking indecent liberties with a child depends upon the testimony of the prosecuting witness, and the defendant

denies the charge, there must be substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case. The rule is not applicable here. The evidence summarized herein is itself a sufficient answer to this contention. The testimony of the father and that of the woman residing at the premises upon which the incident occurred sufficiently corroborate the testimony of prosecuting witness. See *People* v. *Catranis*, 392 Ill. 580.

Defendant further maintains that the court committed prejudicial error in admitting certain testimony of two policemen offered as witnesses for the State. The first testified to a conversation with defendant in the hospital after the alleged incident had occurred, in which the officer told him what he was said to have done, to which defendant replied, "That again;" and upon the officer inquiring what he meant, he answered "Forget about it." There was no objection made to this testimony when it was offered and given, and the question as to its competency is, therefore, not legally presented for review.

The other police officer was permitted to testify, over the objection of defendant's counsel, to a conversation with defendant at the police station on the day following the alleged crime. The witness testified in part as follows: "So, I asked him, 'Do you know what you are here for?' And he said, 'I understand it is for the same thing.' So, I took and I says to him, I says, 'How many children have you got now?' And he said, 'I have got three.' So, I says, 'What does your wife and family think about it?' He says, 'I don't know. I have to suffer the consequences.' So, I asked him, 'Do you want to make a statement of what happened yesterday?' He said, 'No, I don't want to make no statement until I talk to my lawyer.' He stated there that if he got out of this thing he would never take another drink. Every time he gets drunk it is the same thing over again. He stated if he gets out of this trouble, he will go and take the pledge, because every time he gets drunk he

don't know what he is doing, and he comes back for the same charge." Defendant contends that this testimony tends to prove other offenses of a similar character, committed with other children, and that such evidence is improper and prejudicial. While evidence of a habit or predisposition of the accused to take indecent liberties with children, or evidence of other acts of indecent liberties with other girls at other times and places, would be incompetent, (*People* v. *Rogers,* 324 Ill. 224,) we are unable to see how the testimony in question can be brought within that rule. Proof of defendant's conversation was not proof of crimes other than that charged in the indictment. Where a witness relates a conversation with the accused, which contains statements relative to the crime under investigation as well as other matters, he cannot testify to only a part of the conversation without thereby becoming the judge of what pertains to the crime under investigation. In order to portray a true and accurate picture of what took place he must relate the entire conversation. It is the function of the judge to then eliminate from consideration any matters therein which do not bear directly upon the offense under investigation. (*People* v. *Hurry,* 385 Ill. 486, 492.) In the case cited we said, "The rule seems to be well settled that where a conversation or confession is made by a defendant in a criminal case the entire conversation is admissible, and if therein it appears from his own statement that he had committed other crimes, it does not amount to proof that another crime had been committed as a substantive fact, but is merely proof of the defendant's entire conversation."

The defendant further argues that it was error to admit in evidence that part of the conversation wherein defendant said he would not make a statement until he had talked to his attorney. It is unnecessary to decide this question, for granting that the court erred in this matter the error could not have been prejudicial to defendant. The defend-

ant was proved guilty beyond a reasonable doubt. The evidence was not close; on the contrary, it would not have justified a different decision even if the evidence complained of had been excluded. Hence the admission of the conversation in evidence, even with improper matter included therein, could not reasonably have affected the result of the trial. The object of this court in reviewing a judgment is not to determine whether the record is free from error, but to ascertain whether a just conclusion has been reached, founded upon competent and sufficient evidence, after a trial in which there has been no such error as might be prejudicial to the defendant's rights. *People* v. *Kennay,* 391 Ill. 572.

Defendant also contends that the evidence was insufficient to sustain a conviction for the offense charged, and that at most it shows only a solicitation and not an attempt. In answer to this it is sufficient to observe that the evidence clearly shows an overt act on the part of defendant, and amply supports the conviction.

The judgment of the criminal court is accordingly affirmed.

*Judgment affirmed.*