(No. 32714.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEON KIRILENKO, Plaintiff in Error.

*Opinion filed May 20, 1953—Rehearing denied November 16, 1953.*

JOSEPH LUSTFIELD, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Leon Kirilenko, plaintiff in error, was tried in the criminal court of Cook County on an indictment consisting of two counts, the first charging him with taking immoral, improper and indecent liberties with a female child of the age of nine years, and the second charging him with conduct which tended to make the same girl a delinquent child.

After waiving a jury, he was tried before the court, was found guilty as charged in the first count and was sentenced to the penitentiary for a term of one to two years. Kirilenko, hereafter referred to as defendant, now prosecutes this writ of error contending that the evidence did not establish his guilt beyond a reasonable doubt; that the finding of the court was contrary to law and the evidence, and that the court erred in entering final judgment and in imposing sentence at a time when he was not present in the court room.

The prosecuting witness testified that on the day of August 19, 1952, she was playing with two other girls on a street corner in the city of Chicago. It appears that the other two girls had previously met defendant and were at the corner in anticipation of seeing him relative to some matter about a bicycle. The prosecutrix related that when defendant arrived, he asked all three girls if they would like a milk shake. The other two girls declined but the prosecutrix accompanied him to a drugstore. After she had finished her refreshment, defendant asked her if she wanted to go to a movie and, when she refused, invited her to go for a walk, which invitation she accepted. While walking they stopped at another drugstore where defendant bought some cigars for himself and some candy and soda for the girl. After this they went to the hotel where defendant resided, walking up to his second-floor room. The prosecutrix told the court that defendant laid her on the bed and kissed her several times, then asked if he could kiss her breasts, to which she replied "No" and told him that she wanted to go home. They started to leave the room but returned to allow defendant to get a picture of himself for the prosecutrix. At this time the girl sat down on the bed and started to look at a picture album while defendant, according to her testimony, took his shirt off and started to do some physical exercises across the room. They were thus engaged when a policeman arrived.

The prosecutrix indicated that defendant did not bother her, did not touch any part of her person and did not try to disrobe her. On cross-examination she remained firm in her assertion that defendant had kissed her and that it was his suggestion that she have his picture. She further related that they were in the room for an hour, during which time the door was never completely closed but stood ajar, fastened with a safety chain.

The arresting officer testified that he found the door open about two inches and fastened with a safety chain; that when he was admitted to the room, the prosecuting witness, fully clothed. was sitting on the bed looking at a photograph album, while defendant who had his shirt off, was standing nearby. The officer stated that when defendant was questioned at the police station, he denied having kissed the girl or having done anything improper and professed to have taken her to his room only for the purpose of giving her an autographed picture of himself.

Testifying in his own behalf, defendant, who was thirty-four years old, stated that he was a professional wrestler of twelve years' experience and that when he wrestled it was customary for him to give out numerous autographed pictures of himself. While returning from an office where he had gone to get information concerning a match, he encountered three girls playing on a street corner. He stopped to talk to them because on the previous day he had fixed a bicycle for one of them. During their conversation, the prosecutrix asked him if he was a professional wrestler and he replied that he was. Defendant invited all three girls to a drugstore for a cold drink, but only the prosecutrix accompanied him, the other two girls declining because they were forbidden to cross the street. After leaving the drugstore, where prosecutrix had a milk shake, she asked if she could have his picture, whereupon they started walking to his hotel to obtain one. En route they stopped at another drugstore where defendant bought a cigar for himself and

a bottle of soda for the prosecutrix. Following this they proceeded to defendant's hotel room and when he opened his trunk to get a picture, the girl saw his scrapbook and asked if she could see it. When it was given to her she sat down on the bed to look at it. Defendant stated that they had been in the room fifteen minutes when the police arrived but did not describe what his activites had been during that period. He did, however, deny that he had kissed her, that he had touched her or asked to kiss her breasts, or that he made any attempt to arouse the passion or lust of the child or himself.

The defense also offered to introduce character witnesses for the defendant but none were called when the State's Attorney stated that he would stipulate as to such witnesses.

It is a basic concept in criminal law that proof of a criminal offense involves the proof of two distinct propositions or facts beyond a reasonable doubt. First, that a crime was committed, and second, that it was committed by the person or persons charged. In other words, as stated in *People* v. *Hooper,* 364 Ill. 320, "the *corpus delicti* must be proved and the identity of the defendant as the guilty party must be established." Looking to the requirements of this rule and to the language of the statute under which he was indicted and tried, (Ill. Rev. Stat. 1951, chap. 38, par. 109,) it is defendant's contention that there is nothing in the evidence to prove the *corpus delicti.* Specifically, it is urged that even if the child's testimony that defendant kissed her and asked to kiss her breasts is accepted as true, it is not evidence of such immoral, improper or indecent liberties with the prosecuting witness as contemplated by the statute.

The section of the Criminal Code in question makes criminal and punishes the taking, or attempting to take, immoral, improper or indecent liberties with any child of either sex under the age of fifteen years, with the intent

of arousing, appealing to, or gratifying the lusts, passions or sexual desires either of the offender or the child or both. (*People* v. *Ulrich,* 411 Ill. 316.) The statute does not define specific acts which are punishable, but leaves it to the court or jury, as the case may be, to determine from all the evidence and circumstances whether the conduct of the accused with a child may be termed as immoral, improper or indecent, and the intent with which the act was committed. In construing the statute it has been held that the meaning to be ascribed to the words "immoral, improper or indecent" is that they connote something offensive to the chastity of the mind, delicacy and purity of thought, something suggestive of lust, lasciviousness and sensuality. *People* v. *Jensen,* 392 Ill. 72.

The dismal picture formulated by evidence which shows a thirty-four-year-old man ingratiating himself with a nine-year-old girl, unknown to him, by treating her to ice cream, candy, soda and promises of a photograph, as a prelude to taking her to the privacy of his hotel room where he laid her on a bed, kissed her, asked to kiss her breasts, then doffed his shirt and performed muscular exercises in an apparent effort to create some further degree of physical intimacy, is most certainly offensive to chastity of the mind and purity of thought. Although we have not been called upon to apply the statute to exactly similar conduct, we are of the opinion that the acts attributed to defendant are precisely what the legislature sought to prevent and punish when it made criminal both a taking and an attempted taking of indecent liberties. The facts and results in *People* v. *Gilmore,* 320 Ill. 233, and *People* v. *Johnson,* 298 Ill. 52, indicate that neither contact with a sex part nor actual physical injury to the child is essential to support a charge under the statute. In both those cases there was a passing of hands over the body of a female child under the dress but outside the underclothing under circumstances which made manifest the intent of the offenders. In this case, we

have the defendant physically laying the child on the bed and kissing her twice. While neither act of itself would normally be considered immoral, indecent or improper, we believe that under the facts and circumstances of this case it becomes conduct which is sufficient to establish the *corpus delicti* and sustain the charge under the statute. While a kiss may bear connotations of love, respect, salutation or forgiveness under proper circumstances, it should also be recognized that the bodily contact established by kissing often serves as a preliminary stimulant for arousing or appealing to sexual passions and desires. That such was the intention of the defendant is made manifest by his act of laying the child on the bed to kiss her and by his immediate request that he be allowed to kiss her breasts. His entire pattern of conduct suggests lust and sensuality, an attempt to gratify his sexual desires, and renders indecent and improper what otherwise might have been a commonplace act. His failure to achieve sexual mistreatment of the child can be of no consequence, for such is not a requirement of our statute. We conclude that the trial court was justified in holding that there was proof of the *corpus delicti* and that defendant's acts were done with the intent charged in the indictment.

Defendant invokes the rule that where a conviction for taking indecent liberties with a child depends upon the testimony of the prosecuting witness, and the defendant denies the charge, there must be some substantial corroboration of the prosecuting witness by some other evidence, fact or circumstance in the case, as a conviction resting upon the testimony of a child of tender years will not be permitted to stand unless the testimony is corroborated or is otherwise strong and convincing. (*People* v. *Hinderhan,* 405 Ill. 435; *People* v. *Rejno,* 402 Ill. 84; *People* v. *Pazell,* 399 Ill. 462.) There are so many corroborating facts in this case that the rule contended for becomes inapplicable. There is no question of the defendant's identification and

his testimony itself corroborates that of the prosecuting witness in almost every detail, conflicting only on the point of whether defendant actually took the indecent liberties complained of. On this point it should be noted that the testimony of the prosecutrix was as direct and positive as was defendant's denial. The testimony of the police officer is singularly corroborative of that of the prosecuting witness on the facts of which they had common knowledge. We must hold, therefore, that the facts and circumstances reflected in the testimony of the defendant and the officer are sufficient to substantially corroborate the prosecuting witness and incriminate the defendant. See: *People* v. *Catranis,* 392 Ill. 580.

The sufficiency of the evidence in this case depends, as it so often does, upon the credibility of the prosecuting witness. Where the evidence relating to material facts in issue is in direct conflict and cannot be reconciled, we have stated many times that it is the duty of the jury, or of a court sitting without a jury, to determine the credibility of the witnesses and the weight to be given their testimony, and, in such function, this court will not substitute its judgment for that of the jury or court. (*People* v. *Sheppard,* 402 Ill. 411; *People* v. *Langer,* 384 Ill. 608.) In criminal cases it is the duty of this court to examine the evidence, and, if there is not sufficient credible evidence, if it is improbable or unsatisfactory, or not sufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he is guilty, the conviction will be reversed. The court chose to believe the testimony of the child in this cause and we believe rightly so. Under the facts and circumstances appearing in the record, and particularly in view of the fact that the testimony of the prosecuting witness was completely corroborated except as to the indecent acts charged, we are not prepared to say that her testimony is so improbable or unreasonable or unworthy of belief as to require the finding of the trial court to be disturbed.

The final contention made by defendant is that the court erred when it made a finding of guilty and imposed sentence at a time when defendant was not present in court. It is a fundamental concept both under our constitution and our criminal code that a defendant in a criminal proceeding has a right to a public trial, by a jury if he chooses, at every stage of which he has the right to be present and in every part of which he has a right to participate for his own protection. (*People* v. *McGrane,* 336 Ill. 404; *People* v. *Harris,* 302 Ill. 590.) The record discloses that the court made a finding of guilty while defendant was present but that defendant was involuntarily absent from the courtroom when final judgment and sentence was entered against him. However, since this is the only error in the record of which defendant can complain, it will only be necessary, in order to purge the record of that error, to reverse and set aside the proceedings back to the point where the error was committed, without disturbing any of the anterior proceedings. (*Harris* v. *People,* 130 Ill. 457; *Wallace* v. *People,* 159 Ill. 446; *Henderson* v. *People,* 165 Ill. 607; *People* v. *Coleman,* 251 Ill. 497; *City of Chicago* v. *Coleman,* 254 Ill. 338; See, also, *Hoch* v. *People,* 219 Ill. 265, at p. 287.) The rationale of these cases is that the defendant having been afforded a full, fair and impartial trial, upon which no errors of law intervened prior to the entry of judgment, it is unnecessary to award a new trial but only to reverse and remand the cause for a proper judgment.

For the single error indicated, the judgment below will be reversed and the cause will be remanded to the criminal court of Cook County, with directions to the court to enter final judgment and pronounce sentence upon the defendant, the defendant to be personally present for that purpose.

*Reversed and remanded, with directions.*