THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONOVAN THINGVOLD, Defendant-Appellant.

Second District   Nos. 77-470, 77-564 cons.

Opinion filed December 21, 1978.

Mary Robinson and Mark J. Heyrman, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, defendant, Donovan Thingvold was found guilty of indecent liberties with a child and was sentenced to 10 to 20 years imprisonment. He appeals.

Rachael McFadden and Mildred Simms were seated in an automobile, parked approximately 20 to 30 feet from the Brooke Road Methodist Church; Mrs. McFadden was seated in the driver's seat while Mrs. Simms occupied the front passenger seat. Both women observed the defendant sitting in a stairwell at the church talking to the victim who was sitting on the railing of the stairwell. The victim was an eight-year-old girl, who due to mental retardation had a mental age of approximately five years. According to the two women, defendant lifted the victim onto his lap, so that her legs straddled him below his waist; he then kissed the victim several times. Next defendant laid the victim on her back, sideways across his lap. From their positions, the witnesses could only observe the back of defendant's upper left arm; at that time defendant's left arm was moving in a rapid rubbing or punching motion. In addition, Mrs. Simms testified that defendant laid his hand and rubbed on the victim's dress, below her waist and above her knees. The two women then drove to a nearby house and called police.

Rockford Police Officer John Versetti testified that he and his partner, Officer Brian Halsted, were dispatched to the Brooke Road Methodist Church. Upon arriving at the church, Versetti observed defendant walking out of a nearby laundromat with the victim. He stopped defendant and took him back to the squad car. After talking with the witnesses, Versetti brought defendant to the police station.

Rockford Police Detective Jessie Otwell testified that he interviewed defendant in the detective bureau of the Rockford Police Department. After defendant was advised of his rights, he agreed to make a statement. In the statement, defendant admitted being with the victim but stated that she had followed him, kissed him and sat down on his lap. He denied having sexual intercourse with her or masturbating or removing any of her clothes. He admitted being with the victim three or four times prior to the occurrence in question but denied ever having intercourse with her. He stated that he usually meets her in the park and that they kiss and he then buys her candy or pop or whatever she wants. Over defendant's objection, Detective Otwell testified that defendant admitted to having a "problem," admitted picking up girls in the park in the past, having spent eight years at Menard Correctional Center for a previous sexual incident and being treated at Singer Mental Health Center.

At the close of the State's case, defendant moved for a directed verdict, which motion was denied. The State and defendant then stipulated that: (1) defendant was over 17 years of age; (2) that the report of the Illinois Crime Bureau would show that there were no sperm found in any slides taken of the victim's vaginal area and no bruises or blood; and (3) that there was no evidence of any sperm on any of the defendant's or the victim's clothes. Defendant then renewed his motion for a directed verdict, which again was denied.

On appeal, defendant contends first that the State failed to prove him guilty beyond a reasonable doubt. The information in this case charged that defendant "committed the offense of Indecent Liberties with a Child, in that he, with intent to arouse his sexual desires, lewdly fondled or touched the private parts of the victim." Defendant argues that the State failed to prove each material allegations contained in the information, namely, that the State failed to prove that defendant did in fact fondle or touch the private parts of the victim, and that nothing in the testimony of the two occurrence witnesses, Mrs. McFadden and Mrs. Simms, or in the statement of the defendant indicates that defendant did any of the acts charged in the information.

Defendant appears to suggest that while the evidence may support the finding that he is guilty of conduct which would be a crime under the indecent liberties statute (Ill. Rev. Stat., 1975, ch. 38, par. 11—4), it is not the conduct charged in the information. However, reviewing the testimony introduced at trial, we can not accept defendant's argument. While defendant's statement related only to the act of kissing between the victim and the defendant, both occurrence witnesses testified that while the victim lay sideways across defendant's lap, defendant's left arm was moving in a rapid rubbing or punching motion. Further, Mrs. Simms testified that the rubbing occurred on the victim's dress, below her waist

and above her knees. Neither contact with a sex part nor actual physical injury to the child is essential to support a charge under the statute. *People v. Kirilenko* (1953), 1 Ill. 2d 90, 115 N.E.2d 297; see also *People v. Gilmore* (1926), 320 Ill. 233, 150 N.E. 631; *People v. Johnson* (1921), 298 Ill. 52, 131 N.E. 149.

Further, defendant argues that the acts which were proved in this case to have been committed by him could not, consistent with due process, constitute the crime of indecent liberties with a child, and that any attempt to apply the Illinois statute to defendant's conduct here would be unconstitutional. He urges that all he is shown to have done was to have kissed the victim and punched or rubbed her dress somewhere between her knees and her waist; that there is no evidence suggesting that he removed either his own or the victim's clothing.

■■ In *People v. Polk* (1973), 10 Ill. App. 3d 408, 294 N.E.2d 113, this court held the indecent liberties with a child statute constitutional, stating that any person of ordinary intelligence has fair notice of what conduct is proscribed by the statute. The gist of the offense is an act or acts on the part of the defendant coupled with the requisite mental state, namely, intent to arouse the sexual desires of either the child or person or both. In *People v. Kirilenko*, defendant's actions consisted of physically laying the child on a bed and kissing her twice. The court there stated:

> "While neither act of itself would normally be considered immoral, indecent or improper, we believe that under the facts and circumstances of this case it becomes conduct which is sufficient to establish the *corpus delicti* and sustain the charge under the statute." (1 Ill. 2d 90, 96, 115 N.E.2d 297, 300.)

Likewise here, by themselves, defendant's actions do not necessarily constitute the offense here charged. However, given the circumstances under which defendant was observed kissing and rubbing the victim on her dress, there was sufficient proof that defendant's acts were done with the requisite intent. Therefore, the application of the indecent liberties statute to the defendant's conduct here is neither a denial of due process nor violative of the Illinois Constitution.

The second issue raised on appeal is whether the trial court erred in failing to excise from defendant's statement to Detective Otwell which was admitted at trial, references to other incidences with young girls and his confinement to Menard for eight years for molesting a young girl. Prior to trial defendant made a motion in limine to have all references to acts with other young girls or to his prior criminal record excised from the statement before it was presented to the jury, and to prevent any testimony with regard to those portions of the statement. The trial court deleted a portion of the statement which indicated defendant had intercourse with a six-year-old girl in Wisconsin; it denied the remainder

of the motion on the ground that the evidence showed a common scheme or purpose. At trial, during the testimony of Detective Otwell, the unexcised portions of the defendant's statement were brought out, to which defendant made timely objections. In addition, during closing argument, the prosecutor stated:

> "You know what he is doing out there. You know what he has in his mind. You know why he is there. You heard his other remarks how he likes women, he likes older women but he likes young girls, how he has been doing that to other girls in the park, how he has been kissing her, he denies touching her, how he has had this problem. ❋ ❋ ❋"

There was no objection by the defendant to this statement.

■■ In *People v. Gregory* (1961), 22 Ill. 2d 601, 177 N.E.2d 120, our supreme court stated:

> "Under our concepts of a fair and impartial criminal trial, it is elementary that a defendant, no matter how reprehensible his crime or how black his history of past misdeeds, is entitled to have his guilt or innocence determined solely with reference to the crime with which he is charged. Accordingly, it is well settled that evidence of other offenses unrelated to the crime for which a defendant is on trial is incompetent. And where such irrelevant material is contained in an otherwise competent statement or confession, it must be deleted before the statement or confession is read to the jury, unless to do so would seriously impair its evidentiary value." 22 Ill. 2d 601, 603-04, 177 N.E.2d 120, 122.

The State takes the position that while evidence of similar indecent liberties offenses with other children is improper, such evidence was only a minimal portion of defendant's statement, related in court by Detective Otwell. Further, that given the overwhelming evidence against defendant contained in the testimony of the occurrence witnesses, any error in the admission of the statement was harmless beyond a reasonable doubt.

■■ We are of the opinion that the trial court erred when it refused to excise the portions of defendant's statement relating to prior incidents with other children. The trial court admitted the prior incidences on the theory that it showed a common scheme or design on the defendant's part; the record, however, fails to reveal sufficient evidence of similarity between these prior incidences and the one in the case before us. Further, there is no apparent justification for the admission of evidence of defendant's confinement at Menard and Singer. Lastly, we do not condone the reference of the prosecutor to defendant's prior activities, as quoted above.

■■ Nevertheless, we have examined the record with great care and conclude that the error committed here is not reversible error. When all

the competent evidence is considered and weighed there exists no reasonable probability that the jury would have acquitted the defendant had the evidence and remarks complained of been excluded. *People v. Trejo* (1976), 40 Ill. App. 3d 503, 352 N.E.2d 68.

For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.