THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD HARRIS, Defendant-Appellant.

Third District   No. 3—90—0673

Opinion filed January 31, 1992.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a jury trial in the circuit court of Whiteside County, defendant Leonard Harris was convicted of aggravated battery (Ill.

Rev. Stat. 1989, ch. 38, par. 12—4). On appeal, defendant contends that the trial court erred in allowing the prosecution to introduce evidence of defendant's prior misdemeanor convictions for battery and unlawful use of weapons.

The record shows that on November 12, 1989, defendant and Corey DeWaele, the victim, had a fight outside of the Lyndon Tavern. The defendant was the manager of the tavern. DeWaele was a patron who had been asked to leave the bar three times on that date but had returned each time. During the fight, defendant hit DeWaele several times about the head with a club-like object.

At trial, the defendant admitted hitting the victim, but maintained that he acted in self-defense. Defendant introduced evidence of the victim's prior conviction for aggravated assault as evidence of the victim's violent character. The State was allowed to introduce evidence of defendant's prior misdemeanor convictions for battery and unlawful use of weapons.

Defendant contends that the trial court erred in admitting evidence of his prior misdemeanor convictions for battery and unlawful use of weapons. We agree.

■ It is well settled that when a theory of self-defense is raised in a battery case, evidence of the peaceful or violent character of either the accused or the victim may be relevant as circumstantial evidence to show which party was the initial aggressor. (*People v. Randle* (1986), 147 Ill. App. 3d 621, 498 N.E.2d 732.) Evidence of specific instances of conduct probative of the violent character of either party may be admissible. (*People v. Lynch* (1984), 104 Ill. 2d 194, 470 N.E.2d 1018; *People v. Devine* (1990), 199 Ill. App. 3d 1032, 557 N.E.2d 953.) However, because of the inflammatory nature of such evidence, it must first be determined whether the danger of undue prejudice outweighs the relevance of the evidence. (*Lynch*, 104 Ill. 2d 194, 470 N.E.2d 1018.)

"Under this balancing test, character evidence offered by the accused to show the complainant's propensity to violence is admissible because the danger of undue prejudice to the accused lies in not admitting such evidence. [Citation.] On the other hand, similar character evidence offered by the prosecution to show the accused's propensity to violence is generally inadmissible because the danger of unfair prejudice to the defendant in being portrayed as a 'bad man' substantially outweighs the probative value of the evidence. [Citation.] Such evidence of bad character may be introduced by the prosecution only if the defendant first opens the door by introducing evidence of good

character to show that he is a quiet and peaceful person." *Randle*, 147 Ill. App. 3d at 625, 498 N.E.2d at 736.

The State argues that the defendant's prior convictions were properly admitted as evidence of defendant's violent character because defendant opened the door by introducing evidence of his own good character and the violent character of the victim. The State relies on *People v. Devine* (1990), 199 Ill. App. 3d 1032, 557 N.E.2d 953, where the State was allowed to introduce evidence of the defendant's two prior misdemeanor battery convictions. This court affirmed, holding that where the defendant "initially introduces evidence that the victim had a violent character and that he [defendant] was a peaceful person, the interests of fairness require that the prosecution be allowed to rebut this portrayal by the defendant." (*Devine*, 199 Ill. App. 3d at 1037, 557 N.E.2d at 957.) *Devine* reaffirmed the general rule that evidence of a defendant's violent character to prove he acted in conformity with that character may be introduced by the State "*only* if the defendant first opens the door by introducing evidence of [his] good character to show that he [was] a quiet and peaceful person." (Emphasis added.) *Randle*, 147 Ill. App. 3d at 625, 498 N.E.2d at 736.

The defendant introduced evidence of the victim's violent character when he submitted into evidence a certified copy of the victim's prior conviction for aggravated assault. The question is whether the defendant opened the door on the issue of his own character by introducing evidence to show that he was a quiet and peaceful person.

■ The State cites three specific instances during the trial where the defendant allegedly introduced evidence of his good character. First, the defendant testified on direct examination that he would not have hit the victim if the victim had not swung first. This was merely a contention on the part of the defendant that he was acting in self-defense at the time of the alleged offense and not evidence of defendant's general good character.

Second is the response given by the defendant when he was asked if he considered himself to be a "generally peaceable guy." The defendant responded "yes." This question was asked by the *State* on cross-examination. Therefore, it was the State, not the defendant, which first raised the issue of defendant's character. As noted above, evidence of a defendant's violent character is inadmissible until the defendant has introduced evidence of his peaceful character. In other words, the State is barred from first injecting the issue of defendant's character into the trial by introducing evidence of defendant's bad character. (*People v. Meares El* (1980), 83 Ill. App. 3d 31, 403 N.E.2d

547.) It follows that the State cannot circumvent this rule by eliciting testimony from the defendant concerning his good character on cross-examination and then using that as a basis upon which to offer rebuttal evidence. Such a tactical ambush would result in the defendant being forced to either denounce his own character or open the door on the issue. While fairness requires that the State be allowed to rebut evidence of defendant's peaceful character, this is but a corollary to the general rule that when the defendant "elects not to offer proof of a pertinent character trait, the prosecution may not comment thereon." M. Graham, Cleary & Graham's Handbook of Illinois Evidence §404.3, at 185 (5th ed. 1990); see also *People v. Haas* (1920), 293 Ill. 274, 127 N.E. 740.

Third, the State contends that the defendant introduced evidence of his peaceful character during cross-examination of one of the State's witnesses who was at the bar on the day of the incident. The State relies on the following dialogue:

"Q. [Defense attorney]: Mrs. Vance, you indicated that you been going to the Lyndon Country Inn for about a year?

A. Yes.

Q. You also indicated that you always had a good time there?

A. Sure, I like Sue and Leonard. I have a good time with them. I never had no problems.

Q. So this is the first time you really had a problem there?

A. Yeah.

Q. Leonard had never beat on you before, had he?

A. No.

Q. You never seen [*sic*] him beat on anybody else, had you?

A. No.

Q. You went to the Lyndon Country Inn because you had fun there and seemed to be a decent place; isn't that right?

A. Yeah."

Throughout the trial, the State characterized the tavern managed by the defendant as a rough and somewhat dangerous establishment. This line of questioning by the defense was simply an attempt to rebut that characterization. Moreover, while specific instances of violent conduct may be probative of violent character (*Lynch*, 104 Ill. 2d 194, 470 N.E.2d 1018), the State cites no authority for the proposition that testimony establishing that the defendant has not committed specific acts of violence is probative evidence of the defendant's good character for peacefulness. In fact, the case law is to the contrary. (*People v. Flax* (1986), 147 Ill. App. 3d 943, 498 N.E.2d 667 (defendant not al-

lowed to offer evidence establishing that he had no prior criminal record).) Therefore, the fact that this witness had never seen the defendant beat anyone is not probative evidence of the defendant's general good character for peacefulness. This cross-examination did not open the door on the issue of defendant's character.

We note in holding that prior convictions for crimes of violence are reasonably reliable evidence of a violent character, our supreme court in *Lynch* was addressing the admissibility of prior convictions of the victim. The court stated that "[s]uch evidence is ordinarily inadmissible against a defendant for the purpose of proving the offense charged, because the danger of prejudice outweighs the relevance of the evidence where the defendant stands to lose his liberty *** if convicted." (*Lynch,* 104 Ill. 2d at 201, 470 N.E.2d at 1021.) We hold that when the theory of self-defense is raised the relevancy of the defendant's prior convictions for crimes of violence outweighs the prejudicial effect of such convictions only when the defendant clearly puts his character in issue by introducing evidence of his good character to show that he is a peaceful person.

The judgment of the circuit court of Whiteside County is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.