(No. 32865.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE MUELLER, Plaintiff in Error.

*Opinion filed March 17, 1954.*

Thomas Allegretti, and Stephen Lee, both of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Jordan Jay Hillman, all of Chicago, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

George Mueller, plaintiff in error and hereinafter referred to as defendant, was on September 18, 1952, indicted in the criminal court of Cook County. The first count of the indictment charged that the defendant did on August 2, 1952, in Cook County, then being a male person of the age of 17 years and upwards, take indecent liberties with a certain six-year-old female child, Janie Liebs. The second count of the indictment charged that on the said date defendant did certain acts which tended to render Janie Liebs, a six-year-old female, a delinquent child. Defendant was tried before a jury on November 10, 1952, and was found guilty in the manner and form charged in the first count of the indictment. He later was sentenced to imprisonment for a term of years not less than one nor more than ten years. He now prosecutes this writ of error to review his conviction.

The record discloses that on August 2, 1952, defendant resided with his sister and brother-in-law in a third-floor apartment in the city of Chicago. The grandmother of the prosecutrix occupied the third-floor apartment of the neighboring building. The grandmother was preparing to move and had sold some of her furniture and dishes

to defendant's sister and brother-in-law. The prosecutrix was on the date in question engaged in handing dishes from her grandmother's back porch to the defendant on the back porch of his residence.

The prosecuting witness, who had attained the age of seven years at the time of the trial, testified that defendant told her he would give her some money if she came downstairs. She related that she descended to the ground and entered the yard at the rear of defendant's residence. She stated that defendant called her near to the basement stairs and handed her two coins, one of which she dropped. He lead her down the basement stairs in search of the coin, at the foot of which he pretended to drop a coin into her shorts, placing his hand upon her body instead and feeling around. She tried to leave but he blocked her exit for a time. She then ran up the stairs to defendant's rear porch, where he followed her asking if she wished to see something. He thereupon exposed his person to her.

Defendant, in testifying, denied he molested the child. He averred that she came to his porch to play with his dogs. While she was there he gave her two nickles, one of which she dropped. It rolled down the basement stairs and he helped her look for it, during which search he bumped her with his arm. He recited that on the following morning he was awakened by his sister who told him someone was outside who intended to get the police after him. He arose and went outside where he was confronted by the father of the prosecutrix, and later by police officers who arrested him.

The court is aware that the charge of taking indecent liberties is easily made, hard to be proved, and harder to be defended by the party accused, though ever so innocent. We have therefore required that where an accused denies the charge, the testimony of the prosecuting witness, being a child of tender years, must be substantially corroborated by some other evidence, fact or circumstance, or be clear

and convincing. (*People* v. *Williams*, 414 Ill. 414.) It is defendant's contention that the testimony of the prosecutrix was neither clear and convincing, nor corroborated in any other manner. Defendant complains that the child was unable to denominate accurately the coin or coins that fell down the basement stairs. The essential feature is not the denomination of the coins, but the fact that the defendant did give the coins to the child and that one or more of them fell down the basement stairs. In this particular defendant's testimony corroborates the story of the child.

In almost all respects the child's statement of the events is corroborated by defendant's testimony, except as to those specific acts of which she accused him which constitute the alleged indecent liberties. If the child's story is truthful and essentially accurate as to all events and occurrences leading to and at the time of the alleged indecent acts, certainly some measure of credence is thereby afforded the remainder of her testimony. Moreover, defendant admitted that while they were at the foot of the basement stairs looking for the nickels "I kind of put my arm— bumped around there, you know, . . . I put my hand on her."

The testimony of the prosecutrix is of the clearest type. No contradictions appear therein, and full details of the occurrence are readily ascertainable.

Eugene Liebs, father of the prosecutrix, testified that when he confronted defendant on the following morning and accused him of an offense against his daughter, the defendant replied, "Give me another chance, give me another chance."

Charles Byrne, a police officer of the city of Chicago, testified that he arrested defendant. At the time of the arrest he quoted defendant as saying, "Can't we talk this over? Can't we forget this?"

These statements attributed to the defendant, if true, (and they are nowhere denied,) are not the kind of response you would ordinarily expect to hear from an innocent person. They tend, rather, to indicate that defendant

was guilty of the misconduct of which he was accused. We find, therefore, that not only is the child's story clear and convincing, but it is corroborated to some extent.

Defendant now complains that the testimony of the child was improperly received because there is no showing that she had any religious training or belief and hence could not understand or properly taken an oath, although he made no objection to her competency as a witness at the time of the trial. This court has held in *People* v. *Schladweiler*, 315 Ill. 553, that a test of religious belief or opinion was no longer required to determine the competency of a witness. The requirement is one of intelligence and understanding, and if such requirement is met a child may properly take an oath to tell the truth and testify. Moreover, it was the duty of the defendant to raise an objection to the competency of the child as a witness at the time of the trial. Such a question cannot be raised for the first time on appeal. *Millard* v. *Millard*, 221 Ill. 86.

It is further contended by defendant that, there being no election of counts in this case, the court erred in failing to instruct the jury as to the misdemeanor charged in the second count of the indictment and in failing to submit a form of verdict on the second count. The record fails to disclose that defendant sought or requested the court to give any such form of verdict or instructions relating to the second count. If an accused wishes instructions given on a certain point or desires an instruction as to the form of verdict for the lesser offense to be given, it is his duty to prepare and ask for such instructions. Failing to avail himself of that right, he is in no position to complain. *People* v. *Wilson*, 1 Ill. 2d 178.

Defendant finally urges that he was denied a fair trial for the reason that the court denied him a continuance in order to acquaint his attorney with the nature of his defense. It is disclosed by the record that defendant was indicted on September 18, 1952, and was arraigned and pleaded not guilty on September 25, 1952. On November

7, 1952, defendant's case was set down for trial and his attorney asked for a change of venue and for leave to withdraw. After a brief recess a new attorney appeared and stated he had just been retained and asked for a continuance in order to prepare his case. The first counsel was permitted to withdraw and new counsel substituted. A continuance was disallowed, but on petition for change of venue the case was assigned that day to Judge Green who set the date for November 10, 1952, by agreement of the State's Attorney and counsel for defendant. On November 10, 1952, defendant's counsel appeared and asked leave to withdraw and presented a new counsel who stated he was unprepared for trial. Leave to withdraw was denied, permission given for new counsel to assist, and the cause proceeded to trial.

Defendant had six weeks to confer with counsel of his own choosing, and then four more days to confer with substituted counsel. Moreover, the cause did not proceed to trial until 13 weeks after defendant's arrest. Defendant has the right to discharge his attorney, or to substitute attorneys at any time. This right is not so absolute, however, that its exercise may not be denied where it will unduly prejudice the other party or interfere with the administration of justice. To hold otherwise would enable a defendant in a criminal proceeding such as this to delay his trial until he had exhausted his capabilities of acquiring defense counsel and to thus harass and delay effective prosecution of the crime. (*People* v. *Franklin,* 415 Ill. 514.) Defendant had reasonable time in which to prepare his defense, and the cause was set for trial at his motion on two different dates. No reversible error is apparent from the final denial of continuance by the trial court.

From a review of the record we find no error as urged by defendant. Consequently, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*