(No. 34186.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VALRIE GOARD, Plaintiff in Error.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

496

STEWART R. WINSTEIN, of Rock Island, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BERNARD J. MORAN, State's Attorney, of Rock Island, (FRED G. LEACH, and DAN H. McNEAL, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

By an indictment in the circuit court of Rock Island County Valrie Goard was charged with the offense of crime against children. After a trial before the court without a jury, he was found guilty and was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than ten. He seeks review by writ of error, contending that a confession was improperly admitted in evidence and that the evidence is insufficient to sustain the conviction.

The record shows that in the early evening of January 3, 1955, the prosecuting witness, a girl ten years of age, visited the public library in the city of Moline and then went to a store where she purchased a coloring book. At 6:30 P.M. she boarded a bus to return to her home. After the bus had traveled several blocks she noticed it was the wrong one, and got off at a point about 1½ miles from her home. As she was walking toward her home, a man driving a light blue Buick automobile stopped and asked her where the Wharton Field House was located. He then drove on; but after prosecutrix had walked another block or so he again approached her and asked whether she wanted to ride. When he assured her he would take her home, she entered the car. The man thereupon drove to a dead end street, where he parked the car and proceeded to take certain immoral and indecent liberties with the child. The unlawful nature of the acts is not in dispute, and it is unnecessary to relate the details. They left the dead end street at 7:20 P.M., and ten minutes later the man let prosecuting witness out of the car at a point about nine blocks from her home. She then walked to her home, arriving at 7:45 P.M.

The prosecuting witness described the car as a light blue slanted-back Buick with two seats. The seats had red-stripe plaid seat covers, and there was a clock inside the

car which displayed a Buick sign. She was taken by police officers to a dealer's car lot, where she picked out a car similar in appearance to the one in which the event occurred. Thereafter, the defendant, whose car fitted the description given by the girl, was stopped by police; and at the station he was placed in a line-up twice at different positions. Each time he was identified by prosecutrix as being the person who committed the offense. After this identification police officers told defendant he was charged with disorderly conduct and asked him whether he wanted to make a statement. Defendant at first declined, but later consented. In response to questions by police officers defendant admitted that he had stopped the girl and asked directions to the field house. He explained that he thereafter drove around the block and again asked her to get in; that she did get in his car and after he drove a few blocks he parked the car and committed the acts in question.

Defendant contends the confession was not voluntary and should have been excluded. To support this position he relies upon his own testimony that he consented to make the statement because he was told the case would be handled in the police court without publicity; that he told the police his wife was sick and he was willing to give a statement in order to avoid publicity. Each of the three police officers present at the questioning denied that any such promise was made, and testified that defendant was not threatened or promised leniency of any kind. It is evident from an examination of this record that the trial court was warranted in admitting the statement into evidence. A confession which is voluntarily made, free from the influence of promises or threats, is competent evidence. Whether it was voluntarily made is a preliminary question of fact, to be decided by the court in accordance with the weight of the evidence submitted, and the decision of the court on this preliminary question will not be disturbed unless it is

manifestly against the weight of the evidence. *People* v. *Lazenby*, 403 Ill. 95.

It is argued in the present case that much of the statement was given in the form of affirmative answers to leading questions by the police officer, and that this procedure indicates it was given in return for the promise to which defendant testified. We cannot agree. To be voluntary it is not necessary that the confession be spontaneous or proceed wholly at the suggestion of the accused. The facts that a statement is elicited by questions put by police officers and that the accused was urged to tell the truth do not show it to be a result of threats or promises, or render it incompetent. (*People* v. *Lazenby*, 403 Ill. 95; *People* v. *Fox*, 319 Ill. 606.) The question of admissibility is determined finally by whether the particular circumstances surrounding the making of the statement were such that the accused might have been induced thereby to make a false confession. (*People* v. *Klyczek*, 307 Ill. 150.) In this case the judge who tried the case had before him the witnesses who were present at the time the statement was made, he had the benefit of seeing and hearing each of them, and his opportunity for determining the weight to be given their testimony greatly exceeded ours. (*People* v. *Klyczek*, 307 Ill. 150, 155.) He concluded that "the officers carefully refrained from any threats or any promises," and the evidence in this record fully supports his conclusion.

The contention remains that the evidence fails to prove guilt beyond a reasonable doubt. Defendant denied committing the acts in question, and swore he had never seen the girl before. He testified that he was employed as a mechanic at a cab company, also working as a driver for its chartered bus service; that on the day of the alleged incident the telephone operator went to supper at 6:30 P.M., and defendant worked at the telephone until the operator returned about 7:15 P.M.; that he then called

his wife, drove to a store for groceries, arrived home between 7:30 and 7:45 P.M., and remained there the rest of the evening. Defendant's employer testified that he left work that evening at the same time as defendant, about 7:00 or 7:15 o'clock; and that defendant has a good moral reputation. Defendant's wife testified that he arrived home after 7:30 P.M.; that she had talked with him by telephone between 6:40 and 6:45 P.M.; and that he was at his place of employment at the time.

The substance of defendant's argument, apparently, is that since prosecuting witness testified the incident took place at 7:30, the evidence that defendant did not leave work until 7:00 or 7:15 o'clock shows he did not commit the offense. Also relied upon to show her testimony to be unworthy of belief are her failure to remember whether the day of the incident was a school day; her statement that after the incident she walked home, a distance of nine blocks, in fifteen minutes; and some alleged discrepancies of a minor nature. We have examined the evidence and find that the matters in question do not substantially affect the credibility of her testimony, which in all material respects is clear and convincing. It is true, defendant testified he was elsewhere during the period in question and had nothing to do with the child. But the trial court chose to believe the child's testimony, and under the facts and circumstances shown by this record the court was fully warranted in doing so. Where the evidence relating to material facts in issue is in conflict it is the duty of the jury, or of a court sitting without a jury, to determine the credibility of the witnesses and the weight to be given their testimony. Unless the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt, the finding of the jury or the trial court will not be disturbed. *People* v. *Kirilenko*, 1 Ill.2d 90.

Because a charge such as the present one is easily made and hard to be defended the law requires that where the

accused denies it the testimony of the prosecuting witness must either be substantially corroborated by some other evidence or be clear and convincing. (*People* v. *Mueller*, 2 Ill.2d 311.) In this case, however, it is not only clear and convincing but is supported by the confession of defendant. (See *People* v. *Mueller*, 2 Ill.2d 311.) Her testimony is of an entirely different quality than that of the six-year-old girl in *People* v. *Martin*, 380 Ill. 328, relied upon by defendant. In the *Martin case* the prosecuting witness was unable to identify the defendant until after her mother, who was not present when the alleged offense was committed, told her to do so; and the nature of her testimony was so unsatisfactory that we were unable to say the evidence created an abiding conviction of guilt. Here the complaining witness gave a detailed description of the car and the man who committed the offense, and her identification of defendant was positive.

From a review of the record we conclude that defendant was given a fair and impartial trial, free from error, and that the conviction is adequately supported by the evidence. The judgment will therefore be affirmed.

*Judgment affirmed.*