The People of the State of Illinois, Defendant in Error, *vs.* Cicero Reaves, Plaintiff in Error.

*Opinion filed March 23, 1962.—Rehearing denied July 12, 1962.*

Richard W. Austin, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Cicero Reaves, was indicted for the crime of forcible rape in the criminal court of Cook County. After a bench trial he was found guilty and was sentenced to the penitentiary for 35 years. On this writ of error he contends that his identity as the perpetrator of the crime was not proved beyond a reasonable doubt.

About 8:10 P.M. on January 6, 1957, the prosecutrix, Fedgene Chambers, aged 7, left her home to walk to the corner drug store for her mother. She returned home crying at 8:30 or 8:35 P.M. She told her mother than a man grabbed her, took her into the alley, pulled her clothes down and hurt her. Her clothes were disheveled and she was covered with dirt. Fedgene testified that she met defendant on the way to the drugstore, that he grabbed her and took her through a vacant lot to a basement where he attacked her, and that he took the fifty cents her mother had given her. Although the lot and basement were dark, there was a light on the street. Fedgene's mother took her to the hospital while her father sought her attacker. He was looking for defendant apparently because of a description given by Fedgene. When he found defendant in a nearby tavern, he questioned him concerning the attack. He said defendant's clothes and shoes were dirty and that he noticed a white substance on the front of his pants. Defendant agreed to accompany him to see if Fedgene could identify him. They arrived at the Cook County Hospital in the company of a policeman. Fedgene's father went into her room and talked to her for a minute or two, and then the defendant

was brought to the doorway. Fedgene screamed and identified defendant as her attacker. Defendant, testifying in his own behalf, denied that he committed the crime. However, his testimony that he was in the tavern between 8:00 and 8:35 P.M. is not corroborated.

There is no question concerning the rape; medical testimony and Fedgene's mother corroborated her story. The issue is the identity of the attacker who raped this 7-year-old girl. She could see his face as he approached her on the street, and identified defendant as her attacker at the hospital and subsequently in court. Defendant had been in the Chambers's house several months before, and Fedgene saw him at that time. She had also seen him in the neighborhood. There is no indication that her father told her more than that she should tell the truth when he spoke to her before defendant was brought to the doorway. Also, Fedgene testified that that was what her father told her.

Because a charge of rape is easy to make and hard to defend, the law requires that where the accused denies it the testimony of the prosecuting witness must either be corroborated or be clear and convincing. (*People* v. *Mueller,* 2 Ill.2d 311.) Here, Fedgene's testimony was clear and convincing and was prefaced by her statement that she knew that little girls who didn't tell the truth didn't go to heaven. She was corroborated by her mother's testimony concerning her immediate complaint upon returning home. Defendant testified that he was elsewhere at the time of the crime, but the trial judge chose to believe the child's testimony, and under the facts here he was justified in that choice. It is the duty of the court in a bench trial to determine the credibility of the witnesses and the weight to be given their testimony, and unless the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt, the finding of the court will not be disturbed. *People* v. *Goard,* 11 Ill.2d 495; *People* v. *Kirilenko,* 1 Ill.2d 90.

Defendant also urges that several errors were committed

in the admission of evidence. Among these is the contention that the trial court erred in allowing Fedgene's mother to testify as to what Fedgene said when she returned home. The conversation related only to the occurence of the rape which was admitted and did not concern the identification of the rapist. In these circumstances we can find no prejudice to defendant in the mother's testimony concerning her child's complaint. Other errors, if any, could not reasonably have affected the result. *People* v. *Thomas,* 18 Ill.2d 439.

For the foregoing reasons, we conclude that defendant was proved guilty beyond a reasonable doubt.

*Judgment affirmed.*