**People of the State of Illinois, Plaintiff-Appellee, v. Ronald L. Edwards, Defendant-Appellant.**

**Gen. No. 50,392.**

First District, First Division.

September 13, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Ronald L. Edwards was charged in two separate indictments with armed robbery and aggravated battery. The indictments contained the date on which the offenses were alleged to have been committed and the statement that they were committed in Cook County, but they did not specify the exact time or place in Cook County where the events were alleged to have taken place. The defendant pleaded not guilty and waived a jury trial. He did not move to dismiss the indictment. He did move for a continuance in order to determine from certain psychiatric reports whether a competency hearing was needed. The court denied this motion even though the defendant's counsel represented to the court that his client was incapable of cooperating in his defense and did not understand or appreciate certain things, and even though the defendant's counsel advised the court of the report of a psychiatrist employed by the Municipal Division of the Circuit Court indicating that the defendant had some psychiatric disturbances. After a bench trial the defendant was found guilty on both charges and was sentenced to confinement in the Illinois State Penitentiary for a term of five to fifteen years on the armed robbery charge and for a term of five to ten years on the aggravated battery charge, both sentences to run concurrently. The defendant's motion in arrest of judgment was denied.

242

■ The defendant contends in this appeal that the trial court erred in failing to hold a competency hearing under section 104–2 of the Code of Criminal Procedure (Ill Rev Stats 1963, c 38, § 104–2). Since the State admits that the trial court erroneously refused to hear matters pertaining to the competency of the defendant, the judgment must be reversed and the case remanded on that ground and it is unnecessary for us to set forth at length the reasons therefor.

■ The defendant also contends that the judgment should be reversed because the indictments did not state the exact time and place of the offense. He does not, and in our opinion could not, base his argument on constitutional grounds. Persons charged with criminal offenses have a constitutional right to demand to know the nature and cause of the accusation against them. Illinois Constitution, Art II, §9. The purposes of this guaranty are, first, to enable the accused to fully prepare his defense, and second, to permit him to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Peters, 10 Ill2d 577, 141 NE2d 9 and People v. Beeftink, 21 Ill2d 282, 171 NE2d 632. In the instant case, the defendant made his defense on the merits. The defense appeared to be that he was not on the street where the events in question occurred, but on some other street; that he had been drinking steadily with friends from nine o'clock in the morning to midnight on the day in question; and that the knife wound which he suffered on that day was not inflicted by one of the complaining witnesses, but by two unidentified persons. In these circumstances, we believe that it is reasonable to conclude that the defendant knew before trial the time and place of the events in question. At the very least, we can not say that the failure of the indictments to state the time and place of the occurrence impaired the defendant's ability to prepare his defense. In ad-

dition, we do not believe that the defendant is in danger of double jeopardy since the time and place of the offenses appear in the record which may be introduced as parol evidence in a subsequent prosecution in order to establish his defense of prior jeopardy. People v. King, 50 Ill App2d 421, 200 NE2d 411 and the cases there cited.

■ The defendant does base his argument on section 111–3 of the Code of Criminal Procedure.[1] He contends that the indictments did not state the time and place of the offenses as definitely as could be done as section 111–3(a)(4) requires and that hence the court erred in denying his motion in arrest of judgment under section 116–2 of the Code.[2] We do not agree. The question presented by the defendant's

---

[1] (a) A charge shall be in writing and allege the commission of an offense by:

 (1) Stating the name of the offense;

 (2) Citing the statutory provision alleged to have been violated;

 (3) Setting forth the nature and elements of the offense charged;

 (4) Stating the time and place of the offense as definitely as can be done; and

 (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty.

(b) . . .

(Ill Rev Stats 1963, c 38, § 111–3.)

[2] (a) . . .

(b) The court shall grant the motion [in arrest of judgment] when:

 (1) the indictment, information or complaint does not charge an offense, or

 (2) the court is without jurisdiction of the cause.

(Ill Rev Stats 1963, c 38, § 116–2.)

244

contention is the following: Is an indictment which states the date of the offense, and the county in which it was alleged to have taken place, subject to a motion in arrest, of judgment solely on the grounds that the indictment failed to meet the requirements of section 111–3(a)(4) of the Code of Criminal Procedure. This district of the Appellate Court, in People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, answered the question in the negative and we hereby adopt the language and rationale of Justice English in that case as dispositive of the issue in the case at bar.

The judgment of the Circuit Court, Criminal Division, is therefore reversed and the case is remanded for a new trial.

Reversed and remanded.

MURPHY and KLUCZYNSKI, JJ., concur.