**The People of the State of Illinois, Appellee, v. Eugene F. Shockey, Appellant.**

**Gen. No. 64–112.**

Second District.

January 24, 1966.

134

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney, and Alfred W. Cowan, Jr., Assistant State's Attorney, Both of Rockford, for appellee.

ABRAHAMSON, Judge, presiding.

This is an appeal from the Circuit Court of the 17th Judicial Circuit, Winnebago County, wherein the defendant was found guilty of the crime of forgery by a jury, and the presiding judge sentenced him to the penitentiary for a term of not less than three nor more than seven years.

On March 12th, 1964, the owner of the Pryor Baking Company in Rockford, Illinois, found that his plant had been broken into and that a check protector and a

check book were missing. Two days later Eugene Shockey and his brother, Porter Shockey, were found in Bloomingdale, Illinois, and in Eugene's Chevrolet automobile the police found the check protector and check book. On May 5th, 1964, two separate indictments were returned by the Grand Jury, one for the offense of burglary and one for forgery. He was first tried for the offense of burglary and was found guilty by a jury. Subsequently, the instant proceeding was prosecuted.

Defendant alleges a multitude of errors were committed in the court below. First, he attacks the indictment as being insufficient as to form as well as to substance. He complains that the caption of the indictment was defective. This contention is without merit. It has consistently been held by the courts of this State that it is the body of the indictment rather than its caption which is important and if the body specifically states the essential elements of the crime and is otherwise free from defect, defects in the caption will not cause it to be invalid. People v. Sellers, 30 Ill2d 221, 223, 196 NE2d 481; People v. Duden, 3 Ill2d 16, 119 NE2d 742. In People v. Shaw, 300 Ill 451, 133 NE 208, the Supreme Court held that errors in the caption of the indictment are not material.

Defendant secondly claims that the body of the indictment was defective in that the location of the crime was not stated as definitely as could have been done as required by section 111–3 of the Criminal Code of Procedure. Here, in three counts, the defendant was charged with committing a forgery in the County of Winnebago by drawing three separate checks on the First National Bank and Trust Company of Rockford. Defendant relies on People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173. However, this case on appeal was reversed by our Supreme Court in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97. See also People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323; People v. Headrick, 65 Ill App

136

2d 169, 212 NE2d 102; People v. Edwards, 62 Ill App2d 241, 210 NE2d 822.

██ █ Defendant next contends that he was put in jeopardy twice because the offense of burglary and the offense of forgery arose out of the same transaction, and complains that the trial court did not permit him to introduce evidence to this effect. Whether or not a prior conviction constitutes jeopardy is a question of law and no evidence concerning it should be put before the jury. People v. Flaherty, 396 Ill 304, 308, 311, 71 NE2d 779. The defendant can hardly maintain that burglary and forgery are identical crimes. While the offenses in question did not arise out of the same transaction, such circumstance does not affect the question of jeopardy. People v. Cuicci, 8 Ill2d 619, 629, 137 NE2d 40. In the Flaherty case, supra, at page 309, the Court stated:

> "If the offenses are distinct in law, the defense of former jeopardy is not available, regardless of how closely they are connected in point of fact."

██ Defendant argues that evidence of his participation in the burglary of the check protector machine and the check book and evidence of his having passed a second forged check should not have been admitted in evidence. The indictment charged the defendant with having forged a check payable to one Ray Olson, which check was also dated March 12, 1964. The record does not disclose which check was first made and passed. We do not deem it relevant as to which check was passed first as we believe the making and passing of these checks was all part of a peculiar plan to commit a particular offense. This plan included the burglary and theft of the check protector and check book. We believe evidence as to the burglary is admissible as it showed motive and intent and the existence of a common scheme. We believe the writing of the checks is evidence of a peculiar plan to commit the offense of forgery and is therefore ad-

137

missible. People v. Lehman, 5 Ill2d 337, 343, 125 NE2d 506; People v. Botulinski, 392 Ill 212, 64 NE2d 486; People v. Tranowski, 20 Ill2d 11, 16, 169 NE2d 347. Where the evidence of other crimes tends to prove motive or intent, indentity, knowledge, absence of mistake or accident, it is admissible against defendant. People v. James, 62 Ill App2d 225, 232, 210 NE2d 804.

■ Defendant alleges that certain comments made by the Judge during the course of the trial were prejudicial to him. We have examined carefully the colloquy between counsel for defendant and the court and find that the remarks of the judge which defendant claims were prejudicial, were provoked by the conduct of his attorney. We have also carefully reviewed the entire record and find the evidence of the guilt of the defendant is overwhelming. Even if the statements of the judge constituted error, it is not every error that will constitute grounds for reversal. People v. Sleezer, 9 Ill2d 57, 62, 136 NE2d 808.

The defendant also claims that he was prejudiced by an unreasonable search and seizure; by the introduction of an uncertified copy of a list of automobile licenses for 1964 issued by the Secretary of State and that his brother, Porter Shockey, was compelled to give evidence against himself. We find no merit in any of these contentions.

■ ■ When the defendant was arrested, the arresting officer was examining defendant's driver's license when he noticed the check book and check protector in the car. It is not a search to observe what is in open view. A search implies an invasion with some kind of force either actual or constructive. People v. Cattaneo, 6 Ill2d 122, 125, 126 NE2d 692. The ownership of the car to whom license number AF 9320 was issued was testified to by the defendant's brother. Introduction of the uncertified list of automobile licenses, under the

circumstances, while technically hearsay evidence does not constitute reversible error.

 When defendant's brother was called as a witness, he refused to testify on the basis of self-incrimination. The court pointed out that the witness had been granted immunity. The defendant claims the immunity order was not proper. However, the defense of self-incrimination is a privilege that belongs to the party testifying and is not available to third parties. Samuel v. People, 164 Ill 379, 385, 45 NE 728; Bolen v. People, 184 Ill 338, 340, 56 NE 408; Chicago v. Lord, 3 Ill App2d 410, 418, 122 NE2d 439.

 Defendant urges for reversal that the evidence against him is insufficient to sustain the conviction. A review of the testimony discloses that witnesses other than the accomplice, his brother, identified the defendant, testified as to conversations had with him and the cashing of the check in question. The weight of the evidence and the credibility of the witnesses are questions for the jury to determine and the court on review should not substitute its judgment for that of the jury on those questions. People v. Switalski, 394 Ill 530, 541, 69 NE2d 315; People v. Kirilenko, 1 Ill2d 90, 97, 115 NE2d 297; People v. Goard, 11 Ill2d 495, 500, 144 NE2d 603.

 The defendant's final ground is that the punishment is excessive and that if the cause is not reversed that this court should reduce the punishment imposed by the trial court. The punishment is well within the limits cited by the Legislature. We find nothing in this record upon which a determination could be made as to whether or not the trial court abused its discretion in imposing the sentence.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.