THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL LEE WILSON, Defendant-Appellant.

(No. 61274;

First District (4th Division)—November 26, 1975.

Joseph M. Giglio, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Samuel Lee Wilson, was indicted for the offense of rape. After a bench trial, he was found guilty and sentenced to not less than five years nor more than 12 years.

The defendant claims on appeal: (1) he was not proven guilty beyond a reasonable doubt, since the testimony of the prosecutrix cannot be found to be clear and convincing; and (2) the sentence imposed by the trial court was excessive.

The foundation of the case for the People rested on the testimony of the prosecutrix, Ms. Lawson. Ms. Lawson testified that on August 1, 1973, she lived alone at 3334 West Maypole, Apartment 407, Chicago, Illinois. Just before 9:30 in the evening, two of her neighbor's children came in the apartment and left for the grocery store, to fill her order.

Shortly after the children left the apartment, the door buzzer sounded and Ms. Lawson buzzed it back, to let the children in. As she stood at the door to her apartment, she saw a man get off the elevator. He walked down to her apartment, pushed her inside, while choking her, and demanded sexual intercourse. Then, after walking across the room and sitting on a stool for some time, he pushed her onto the bed and got on top of her. She was wearing a gown and housecoat. He was wearing a white shirt, a white tie, a pierced ear with a white earring, and a shaved head. He pulled up Ms. Lawson's gown and housecoat, pulled down his pants and forced her to perform sexual intercourse. He kept one hand around her throat until intercourse was completed.

While the man was still on top of her, the door buzzer sounded. The man jumped up, pulled up his pants and left the apartment "right fast."

Since she did not have a telephone, Ms. Lawson went across the hall and had a neighbor, Mr. Yancy, call the police. She then went back to her room and took a bath. The police arrived and she was taken to the hospital.

At the hospital Ms. Lawson told Investigator James Serpe what had happened. She stated she had seen the man prior to the incident, but did not know his name.

After being released from the hospital, at approximately 11 p.m., Ms. Lawson toured the area around her apartment with Investigator Serpe. As they approached an intersection less than a block from Ms. Lawson's apartment, she identified the defendant, who was standing in front of a tavern, as the rapist, and he was arrested. The defendant had a pierced ear and wore a large white earring at the time of arrest.

The defendant submits that the testimony of Ms. Lawson was not sufficiently clear and convincing to lead to an abiding conviction of guilt, and specifically points to the following alleged contradictions in her testimony.

On direct examination, Ms. Lawson stated the two neighborhood children came to her apartment just before 9:30 p.m., and the assailant arrived thereafter. On cross-examination, she stated the children came to her apartment at 7 or 8 p.m., and the assailant arrived a "little bit earlier than 9:30."

On direct examination, Ms. Lawson stated she stood in the open door to her apartment and observed the man get off the elevator and walk down the hall corridor to her apartment. On cross-examination, she denied having ever given a different version. However, she had told the police and had testified at the preliminary hearing she had heard a knock at her door and had "opened the door for [the assailant] after taking off both of the locks and unchaining the chain lock * * *."

Ms. Lawson testified on direct examination the man "pushed by" her into the apartment, pushed her on the bed, pulled up her slip and nightgown, pulled down his slacks and began having intercourse; that while in the middle of intercourse the door buzzer sounded. The man jumped up and ran out of the apartment "right fast." On cross-examination, she stated the man was in her apartment 45 minutes to an hour; that he spent about ten or 15 minutes apparently doing nothing but sitting on an ottoman next to her bed prior to initiating intercourse.

On cross-examination, she admitted to drinking three beers on the evening in question. She denied having drunk some whiskey as well, stating "I don't care for whiskey." Ms. Lawson was impeached by her

testimony at the preliminary hearing, however, wherein she stated that on the evening in question, she had drunk "a little whiskey and a little beer."

On cross-examination, Ms. Lawson at first stated she was 47 years old. Given another chance by defense counsel, she then stated her age to be 67 years.

Defendant maintains these conflicts in testimony cast serious doubt on the credibility of the prosecutrix and, therefore, the evidence was not clear and convincing.

It is the law in Illinois that the testimony of a prosecutrix alone is sufficient to support a conviction for rape where that testimony is found to be clear and convincing. (*People v. Reaves* (1962), 24 Ill.2d 380.)

In determining whether one's testimony is clear and convincing, minor variations in the testimony may be taken into account with regard to credibility. It is the duty of the court in a bench trial to determine the credibility of the witnesses and the weight to be given their testimony, and unless the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt, the finding of the court will not be disturbed. *People v. Reaves.*

■■ Upon review of the discrepancies of the testimony of the prosecutrix, as pointed out by the defendant, it is concluded by this court that such discrepancies were not so significant as to preclude finding defendant was guilty of rape beyond a reasonable doubt.

The defendant alternatively claims the five- to 12-year sentence imposed by the trial judge was excessive.

Defendant was indicted and convicted of rape, a Class 1 felony. The minimum term of a Class 1 felony, by statute, is four years unless the court, having regard to the circumstances of the offense, sets a higher minimum term. The maximum term for a Class 1 felony, by statute, may be any term in excess of four years. Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1.

At the trial, the court heard evidence that the defendant forced his way into Ms. Lawson's apartment and compelled her to have sexual intercourse by choking her. The defendant did not stop choking the 66-year-old woman until he had completed the rape.

■■■ The Illinois Supreme Court has consistently held, where it is contended the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, the Illinois reviewing courts should not disturb the sentence unless it clearly appears the penalty constitutes a great departure from the Illinois Constitutional requirement that all penalties shall be proportioned to the nature of the offense. (*People v. Richardson* (1969), 43 Ill.2d 318; *People v. Smith*

(1958), 14 Ill.2d 95.) Furthermore, it is the position of the Illinois Supreme Court that the trial court is normally in a superior position during the trial and hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are the courts of review. *People v. McCullough* (1970), 45 Ill.2d 305.

We find the court properly weighed the facts before sentencing defendant, and there was no abuse of discretion in sentencing.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.