THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARMANDO MARTINEZ, Defendant-Appellant.

Second District (1st Division)   No. 75-62

Opinion filed July 13, 1976.

Ralph M. Schelly, of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Armando Martinez was convicted by a jury of robbery, rape and deviate sexual assault and was sentenced to three concurrent 4- to 12-year sentences. On appeal, his sole contention is that the testimony of the prosecutrix was neither corroborated nor clear and convincing and was therefore insufficient to sustain the conviction. We have carefully reviewed the record and conclude that this contention is without merit. We therefore affirm the judgment.

The victim testified that on February 9, 1974, at about 2 in the morning, she parked her car outside her apartment complex and was walking towards the building when a man approached, forced her at knifepoint into the hallway of the building and to lie down on the floor under the stairway. After taking some $70 from her purse, he forced her to remove her pants and attempted to have intercourse with her. Being unable at first to obtain a sufficient erection, he forced her at knifepoint to perform an act of fellatio on him and thereby obtained an erection. After penetrating her, he lost his erection and started choking her. He then forced her again to engage in fellatio on him until he obtained another erection and again penetrated her but again lost his erection and never did achieve a climax. During the melee, he kept threatening to kill her and said that he needed money because he had gotten his girlfriend pregnant and he had a case in court with her. He then said that he was sorry for his actions and left. The entire incident took place in a well-lighted hallway and lasted approximately 40 minutes.

The prosecutrix immediately dressed herself, knocked on the door of a Chicago policeman who lived on the first floor of the building, and told him she had been raped and robbed. Within 5 minutes a squad car arrived and on the way to the hospital the prosecutrix described her attacker as a dark-complected man approximately 5'10" tall and weighing 250 pounds with long Afro style hair, a tan mid length coat, black pants and a white shirt. While responding to complainant's call, the investigating officers

had observed the defendant, whom they knew by name, in the vicinity of the prosecutrix's building dressed in clothes matching those described by the victim. They subsequently took the victim to the police station to look at pictures of suspects and she picked out a picture of the defendant as the man who attacked her.

At the trial, the victim testified as above and positively identified the defendant as her assailant. She also testified that her assailant's penis appeared not to have been circumcised.

Four police officers testified for the State and described the victim's complaint and the defendant's arrest. Two of them testified that they strip searched the defendant and were of the opinion that he was not circumcised and one, Thompson, testified that the defendant told him that he had gotten his girlfriend pregnant and he needed money because the case was in court.

The defendant took the stand and testified that he never saw the prosecutrix until after he was arrested and that he did not attack her or enter her building. He also testified that on the preceding evening he watched Ike and Tina Turner on Channel 2 and slept the rest of the night in a friend's apartment. He also testified that he was circumcised to "where the head sticks out of the skin and it is kind of folded over." He also testified that he got his girlfriend pregnant and that this matter was in court.

The defense also called a doctor, who testified that he examined the victim immediately after her complaint and found no scratches or semen; his mother, who testified about his coat, weight and his case in court, said he was not at home the night of the incident; and two of his friends (one a man, one a woman) who said that they watched the Ike and Tina Turner show on Channel 2 with him until 2:30 and left just before 3 a.m. on the morning of the incident.

The jury found him guilty on all three charges and the court sentenced him to three concurrent sentences of 4 to 12 years.

The defendant first contends that the identification made by the prosecutrix was insufficient to support the conviction in light of the alibi defense he presented at trial. Many Illinois cases have held that where the victim has ample time and opportunity during the commission of the rape to observe her attacker's face and attire, her positive identification of the defendant is sufficient to sustain the conviction. (*People v. Clarke* (1971), 50 Ill. 2d 104, 277 N.E.2d 866; *People v. Catlett* (1971), 48 Ill. 2d 56, 268 N.E.2d 378.) In the instant case, the prosecutrix spent nearly 40 minutes with her attacker in a well-lighted hallway. She immediately furnished police with a detailed description of the man who attacked her and she positively identified the defendant at trial. A similar situation arose recently in *People v. Hunt* (1975), 34 Ill. App. 3d 472, 340 N.E.2d 203,

when the defendant in a rape case questioned the sufficiency of the prosecutrix's identification testimony. Justice Stamos stated at page 477 in that opinion:

"It is well settled that identifications which are vague, doubtful, or uncertain will not support a conviction. (*E.g.*, *People v. Gardner*, 35 Ill. 2d 564, 221 N.E.2d 232.) Equally well settled, however, is that the testimony of one witness, who had ample opportunity to form a positive identification, is sufficient to convict even though such testimony is contradicted by the accused. (*E.g.*, *People v. Stringer*, 52 Ill. 2d 564, 289 N.E.2d 631.) The totality of the facts and circumstances in each case must be examined in order to determine the reliability of the complaining witness' testimony. (See *People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819.) In evaluating identification evidence, consideration should be given to the opportunity of the witness to view the accused at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the accused, and the level of certainty demonstrated by the witness at the confrontation. (*Neil v. Biggers*, 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375.)"

By these standards, the identification in the instant case is clearly sufficient to support the defendant's conviction.

The defendant also contends that the testimony of the prosecutrix was without sufficient corroboration to support a finding of guilt beyond a reasonable doubt. We disagree. It is the law in Illinois that the testimony of the prosecutrix alone is sufficient to support a conviction of rape where that testimony is found to be clear and convincing. (*People v. Reaves* (1962), 24 Ill. 2d 380, 183 N.E.2d 169.) The testimony of the complainant in the instant case is neither insufficient nor uncorroborated. Immediately following the attack, the prosecutrix awakened a police officer and complained that she had been raped. Such prompt complaints are admissible to corroborate complainant's testimony. (*People v. Hood* (1974), 59 Ill. 2d 315, 319 N.E.2d 802.) Furthermore, the prosecutrix testified that while apologizing for his conduct, her assailant told her he needed money for a court case involving his girlfriend and their illegitimate child. Immediately following his arrest, the defendant informed police that he was involved in a custody battle and feared his arrest would complicate matters. This testimony tends to add independent corroboration to the prosecutrix's story and identification.

Finally, prosecutrix informed the police, and later testified at trial, that the penis of the man who assaulted her did not appear to be circumcised. The two arresting police officers testified that following his arrest, the defendant was strip searched and at that time it did not appear to either officer that defendant's penis was circumcised.

The positive identification and the consistent testimony of the prosecutrix as to the events which occurred on February 9, 1974, along with the corroborating evidence presented at trial, are sufficient to support the jury's finding of guilt and the judgment is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.